**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **STULLER INC** | **CASE NO. 6:26-CV-02236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAM KLEIN** | **MAGISTRATE JUDGE DAVID J. AYO** |

**ORDER**

Before the Court is "Defendant's Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure" (Doc. 9) filed by Defendant William "Butch" Klein. Defendant Klein moves to dismiss all causes of actions asserted against him by Plaintiff Stuller Inc. ("Stuller"). In its opposition, Stuller informs the Court that after the instant Motion to Dismiss was filed by Klein, Stuller filed a First Amended Complaint,[1] which withdrew five (5) of the twelve (12) causes of action that Klein challenges.[2] Additionally, three (3) causes of action that Klein's Motion does not address have been added.[3] Lastly, the remaining causes of action of action have been repleaded on materially different grounds, supported by allegations not asserted in the original Complaint.[4]

As such, Stuller requests that the Court deny the instant Motion to Dismiss without prejudice because it would not resolve the issues in the case as now plead in Stuller's First Amended Complaint. As suggested by Stuller, the Amended Complaint asserts nine (9)

---

[1] Doc. 14.
[2] Namely the claim for computer fraud under La. R.S. 14:73.5 and four (4) alternative causes of action pleaded under California law.
[3] Namely, breach of contract for failure to pay the price required by the parties' written terms and conditions, delivery and receipt of a thing not owed, and conversion.
[4] Doc. 1-1.

causes of action, all arising under Louisiana law, but materially different than the causes of action addressed in Klein's Motion to Dismiss.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). As noted by Stuller, the First Amended Complaint does not adopt or incorporate the Petition by reference, therefore it replaces it in full. Klein has not filed a reply to Stuller's opposition and the time for doing so has now expired. Considering the pleadings now asserted in the First Amended Complaint, the Court finds that the Motion to Dismiss should be denied as moot, without prejudice to Klein's right to move against the First Amended Complaint. Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 9) is **DENIED** as moot, without prejudice to Klein's right to move against the First Amended Complaint.

**THUS DONE AND SIGNED** in chambers on this 14th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**